J-A18014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN KEITH HOFFMAN | : | |
| | : | |
| Appellant | : | No. 1258 WDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0009211-1985

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN KEITH HOFFMAN | : | |
| | : | |
| Appellant | : | No. 1259 WDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0009774-1985

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:  **FILED: DECEMBER 15, 2022**

In this consolidated appeal, Appellant, Brian Keith Hoffman, appeals from orders entered on September 29, 2021 in the Court of Common Pleas of Allegheny County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The facts of the instant appeal are not at issue here. To this end, we rely on our summary set forth in connection with Appellant's direct appeal. *See Commonwealth v. Hoffman*, No. 140 Pittsburgh 1989, unpublished memorandum at 1-2 (Pa. Super. filed Feb. 11, 1991). Briefly, Appellant and a codefendant were involved in the murder of Walter Zange. Codefendant pled guilty to third-degree murder and related offenses, and was sentenced to an aggregate term of 10 to 20 years' incarceration. Appellant, following a jury trial, was found guilty of first-degree murder and related offenses. On December 28, 1988, the trial court imposed Appellant's life sentence for first-degree murder and a concurrent term of 10 to 20 years' incarceration for his remaining offenses. After we affirmed Appellant judgment of sentence in 1991, *id.*, our Supreme Court affirmed the decision in 1994, and the United States Supreme Court denied Appellant's petition for a *writ of certiorari* on November 28, 1994. *See Hoffman*, 140 Pittsburgh 1989, *aff'd*, 640 A.2d 414 (Pa. 1994), *cert. denied*, 513 U.S. 1026 (1994).

> Almost two years later, on November 14, 1996, [Appellant] filed his first PCRA petition *pro se*. Counsel was appointed and filed an amended petition [alleging a violation of the Pennsylvania Constitution and the Wiretap Act]; however, the PCRA court dismissed the petition without a hearing on December 15, 1997. This Court affirmed the ruling on appeal [because the issue had been previously litigated]. *See Commonwealth v. Hoffman*, No. 127 PGH 1998[, unpublished memorandum (Pa. Super. filed August 30, 1999)].
>
> Co-defendant's parole expired in September 2015. Sometime thereafter, Private Investigator Barry Fox (Investigator Fox), who was hired to investigate the case by Appellant's then counsel, Sally Frick, Esq. (Attorney Frick), tracked down Co-defendant at

his mobile home in Johnstown, Pennsylvania. During their first interview, Co-defendant made statements Investigator Fox thought "resonated" and were "quite relevant." Co-defendant detailed the night of the incident and discussed "his placement in the vehicle, the placement of the victim, and . . . the fact there was a knife that was on the dashboard" in front of him. Critically, Co-defendant "brought up the fact that it could have been him that grabbed the knife and stabbed the victim[.]" Investigator Fox returned to Co-defendant's home and conducted a second interview, which was video-recorded on March 8, 2016. Although Co-defendant testified that the first interview was conducted only "a couple of weeks before" the March 8, 2016, recording, on a day that "was a kind of cold."

Fifty-nine days after the videotaped interview, on May [6], 2016, Appellant filed a second PCRA petition alleging after-discovered-evidence (ADE petition). Appellant claimed Co-defendant's statements constituted "newly discovered exculpatory evidence 'that has subsequently become available and would have changed the outcome of his trial if it had been introduced.'" On June 29, 2016, the Commonwealth filed an answer, asserting Appellant failed to present his claim within the 60-day time limitation of the Act, and that Co-defendant had madesimilar statements in a September 23, 1985, police interview. The PCRA court conducted an evidentiary hearing on March 16, 2017, at which time both Co-defendant and Investigator Fox testified on behalf of Appellant. On March 21, 2017, the PCRA court entered an order denying Appellant's ADE petition.

Rather than file a notice of appeal from that order, Appellant, through Attorney Frick, filed a document titled "Petition for Reconsideration of Petition for Post-Conviction Collateral Relief with Amendment" on April 19, 2017. In the petition, Appellant claimed he was "previously unaware" of Co-defendant's 1985 statement, and that trial counsel's failure to "pursue the statement[,]" or call Co-defendant as a witness at trial, amounted to ineffective assistance.

On April 25, 2017, the PCRA court denied Appellant's petition for reconsideration. On May 25, 2017, Appellant filed a notice of appeal from the April 25th order. In Its opinion, the PCRA court concluded Appellant's notice of appeal was untimely filed. The court emphasized that although "counsel has classified the appeal as being from [the c]ourt Order denying reconsideration . . . the

appeal is properly taken from [the March 21, 2017,] final order denying relief[.]" The PCRA court explained that Appellant's petition for reconsideration did not toll the appeal period, and that a simultaneous notice of appeal should have been filed with the petition for reconsideration. Because the order denying PCRA relief was entered on March 21, 2017, Appellant's notice of appeal was due April 20, 2017. Thus, the PCRA court found Appellant's notice of appeal, filed May 25, 2017, was untimely. [We agreed with the PCRA court's assessment, and, on May 13, 2019, we quashed the appeal as untimely filed under Pa.R.A.P. 903. *See Commonwealth v. Hoffman*, No. 766 WDA 107[, unpublished memorandum (Pa. Super. filed May 13, 2019).]

On August 26, 2019, Appellant, through [new counsel, Attorney Adam Bishop], filed his third PCRA petition. . . . In his third petition, Appellant argued Attorney Frick was ineffective *per se* for failing to perfect his appeal from the March 21, 2017, order denying his ADE petition, and requested reinstatement of his right to appeal that order *nunc pro tunc*. The Commonwealth filed an answer, agreeing that Appellant's appeal rights should be reinstated. The same day, the PCRA court granted Appellant's third PCRA petition and reinstated his post-sentence and appellate rights. However, Attorney Bishop[, "at the request of Appellant", Praecipe for Discontinuance, 10/22/19,] subsequently filed two untimely notices of appeal on October 1, 2019, followed by praecipes to discontinue the appeals on October [22], 2019.

On November 1, 2019, Appellant filed his fourth PCRA petition *pro se*. He argued Attorney Bishop's failure to file timely notices of appeal after his appellate rights were reinstated *nunc pro tunc* constituted ineffective assistance of appellate counsel. Appellant's current counsel, Corrie Woods, Esq. (Attorney Woods), entered their appearance on November 20th.

Appellant, through Attorney Woods, filed an amended PCRA petition on December 17, 2019, asserting Attorney Bishop was ineffective *per se* for failing to file *nunc pro tunc* appeals. He requested either the reinstatement of his right to appeal the March [21], 2017, order denying his ADE petition or a hearing on the matter. The Commonwealth filed an answer, again conceding Appellant's rights should be reinstated. On January 10, 2020, the PCRA court granted Appellant's petition, and once again reinstated his post-sentence and appellate rights with respect to the March 21 2017 order denying his ADE petition. Appellant timely filed

- 4 -

> notices of appeal on February 7, 2020, and complied with the PCRA court's directive to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

*Commonwealth v. Hoffman*, 195 WDA 2020 & 196 WDA 2020, unpublished memorandum at 4-10 (Pa. Super. filed April 21, 2021) (footnotes and citations to the record omitted).

On appeal, Appellant argued, *inter alia*, that Attorney Frick had been ineffective *per se* for failing to perfect an appeal from the order rejecting his second PCRA petition. We disagreed, noting that the second PCRA petition was untimely because it had not been filed "within 60 days of the date the claim could have been presented." *Id.* at 14-15 (quoting 42 Pa.C.S.A. § 9545(b)(2)).[1] Specifically, we noted that the second PCRA petition had not been filed within 60 days of the discovery of the "newly discovered fact," *i.e.*, codefendant's admission that he could have been the one who murdered the victim. *Id.* at 15-17. We concluded, therefore, that the second PCRA petition was untimely.

We also noted, however, that Appellant would not be entitled to relief, even if the second petition had been filed within the time limits of Section 9545(b)(2), because he failed to demonstrate the facts underlying his petition

_____

[1] Section 9545(b)(2) was amended, effective December 24, 2018, to extend the time for filing a timeliness exception from 60 days to one year. However, the amendment, applies only to claims arising on December 24, 2017, or thereafter. Because the second PCRA petition was filed on May 16, 2016, Appellant does not benefit from the extended period. *Hoffman*, 195 & 196 WDA 2020, *supra*, n.16.

- 5 -

were unknown to him and could not have been ascertained by the exercise of due diligence. To this end, we agreed with the Commonwealth's argument that the facts upon which the second PCRA was predicated were in fact known to Appellant since 1985. Accordingly, we concluded that, even if the second petition had been timely under Section 9545(b)(2), his claim would still not be timely because it did not qualify as a newly discovered fact under Section 9545(b)(2)(ii). *Id.* at 17, n.18.

On July 29, 2021, Appellant, through current counsel, filed the instant PCRA petition. Upon review of the petition and the Commonwealth's response thereto, the PCRA court dismissed the petition on September 28, 2021. This appeal followed.

Appellant raises a single issue in this appeal:

Did the PCRA Court err in dismissing [Appellant]'s present petition raising a claim that prior PCRA counsel was ineffective *per se* in failing to timely file a prior serial petition as untimely where it was facially timely because he filed it within three months of discovering that prior counsel's failure to timely file the prior serial petition was the basis for its dismissal?

Appellant's Brief at 4.

When reviewing the propriety of an order pertaining to PCRA relief,

we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies.  42 Pa.C.S.A. § 9545(b)(1).[2]  "The PCRA's time restrictions are jurisdictional in nature.  Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)).  As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

As noted above, Appellant, in the instant PCRA petition, which is facially untimely, alleges that (i) Attorney Frick was ineffective for failing to file Appellant's second PCRA petition within the then-existing time limitation of Section 9545(b)(2), and that (ii) Attorney Frick's ineffectiveness qualifies under the "newly discovered fact" exception for purposes of Section

---

[2] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

9545(b)(1)(ii),[3] under **Commonwealth v. Peterson**, 192 A.3d 1123 (Pa. 2018).[4]

Additionally, Appellant argues that the instant petition, which was filed shortly after the discovery of the alleged error,[5] also met the time restrictions set forth in Section 9545(b)(2).  We disagree.

---

[3] The exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence.  **See Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017); Section 9545(b)(1)(ii).

[4] This is not the first time Appellant challenged Attorney Frick's effectiveness.  As noted, in his third PCRA petition, Appellant alleged that Attorney Frick was ineffective *per se* for failing to perfect his appeal to this Court following the denial of his second PCRA petition.  In his fourth PCRA petition, Appellant argued that Attorney Frick had been ineffective *per se* due to, *inter alia*, her failure to file a timely appeal from the denial of his second PCRA petition.  In the instant petition, his fifth, Appellant alleges that Attorney Frisk was ineffective *per se* for failing to file Appellant's second PCRA petition within the time restrictions set forth in the then-applicable version of Section 9545(b)(2) (60 days).  "A petitioner is not entitled to relitigate a claim every time he offers a new theory or argument which he had not previously advanced." **Commonwealth v. Tenner**, 547 A.2d 1194, 1197 (Pa. Super. 1988), *appeal denied*, 562 A.2d 826 (Pa. 1989) (emphasis added).

[5] According to Appellant, he discovered Attorney Frick's ineffectiveness because of our decision disposing of Appellant's fourth PCRA petition. Appellant's Brief at 11-12.  In his fourth PCRA petition, Appellant argued that Attorney Frick had been ineffective *per se* due to, *inter alia*, her failure to file a timely appeal from the denial of his second PCRA petition.  In our memorandum disposing of Appellant's fourth PCRA petition, we noted that Appellant's second PCRA petition was untimely because it had not been filed within 60 days of the discovery of 2016 codefendant's statements. **Hoffman**, 195 & 196 WDA 2020, at *15-17.

As we explain *infra*, the instant PCRA petition is untimely because the alleged discovery of counsel ineffectiveness does not qualify as newly discovered evidence (whether under **Peterson** or under the exception's standard formulation), and that, even if timely, Appellant would not be entitled to relief on his ineffective assistance of counsel claim because he suffered no prejudice from counsel's alleged omission.

**(I)  Timeliness of the underlying PCRA petition under *Peterson***

Appellant argues that his petition is timely because Attorney Frick's ineffectiveness qualifies as a newly discovered fact under **Peterson**.

Appellant's reliance on **Peterson** is misplaced.  As explained in **Commonwealth v. Tedford**, 228 A.3d 891, 906 (Pa. 2020), in **Peterson**, our Supreme Court

> held that counsel's negligence per se in filing an untimely PCRA petition constitutes adequate grounds to permit the filing of a new PCRA petition beyond the one-year time bar pursuant to the exception in subsection 9545(b)(1)(ii). [**Peterson**, 192 A.3d] at 1125. **Peterson** involved a unique procedural context.  After being sentenced to consecutive life sentences for first-degree murder, Peterson petitioned for post-conviction relief.  Although the docket reflected that an evidentiary hearing was scheduled, it never took place and there was no further activity on the petition for the next fifteen years.  The PCRA court denied the petition on its merits, but on appeal the Superior Court quashed the appeal because it had been filed one day too late under the PCRA's timeliness requirements.  Peterson then filed a second petition, seeking, based upon counsel's ineffectiveness in filing his first PCRA petition late, reinstatement of his PCRA appellate rights *nunc pro tunc* to challenge the PCRA court's order dismissing his first petition. [The Supreme] Court reversed the Superior Court's quashal of the second petition on timeliness grounds, ruling that counsel's untimely filing of Peterson's first PCRA petition constituted ineffectiveness per se, "as it completely deprived Peterson of any consideration of his collateral claims under the PCRA." **Id.** at 1130.  Counsel's ineffectiveness per se in connection with

Peterson's first PCRA petition was a newly discovered "fact" under Section 9545(b)(2)(iii), as the PCRA court had made factual findings that Peterson did not know about the untimely filing and could not have ascertained this fact through the exercise of due diligence. *Id.* at 1130-31. Given these factual findings, and because counsel's untimely filing of Peterson's first PCRA petition constituted ineffectiveness per se by completely foreclosing him from obtaining any collateral review, we concluded that Peterson was entitled to invoke the subsection 9545(b)(1)(ii) exception to permit the filing of his second PCRA petition beyond the one-year time bar. *Id.* at 1132.

*Tedford*, 228 A.3d at 906.

*Peterson* involved a petitioner's first PCRA petition; here, we are dealing with Appellant's fifth PCRA petition, challenging an alleged error that occurred in connection with his second PCRA petition. A petitioner's rights under the PCRA in connection with the first PCRA petition are considerably different as compared to subsequent petitions. Even if we assume that PCRA counsel's actions constituted ineffective assistance of counsel, the ineffectiveness was not ineffectiveness *per se*, as it did not wholly deprive Appellant of collateral PCRA review. It should be noted that Appellant previously litigated a substantial number of collateral claims, including claims of ineffective assistance by Attorney Frick. We reviewed the record and affirmed the PCRA's denial of those claims. Thus, because Appellant was not wholly deprived of collateral review, the instant matter is distinguishable from *Peterson*.

The instant matter also is distinguishable from *Peterson* for another reason. The *Peterson* Court did not excuse PCRA petitioners from pleading and proving that counsel's ineffectiveness was unknown to petitioner and that

- 10 -

it could not have been discovered with the exercise of due diligence.[6] **See**, **e.g.**, **Commonwealth v. Harris**, 2021 WL 1148521, at *4 (Pa. Super. March 25, 2021); **Commonwealth v. Lilly**, 2021 WL 796682, at *2 (Pa. Super. March 2, 2021) (while claims of ineffectiveness "*per se* may, in limited circumstances, qualify a petition as timely under the newly-discovered facts exception, the petitioner must plead and prove to the PCRA court that these new 'facts' were previously unknown to the petitioner and could not have been ascertained by the exercise of due diligence.").[7] Appellant assumes, but does not in fact meaningfully plead and/or prove that counsel's ineffectiveness was unknown and that Appellant could not have ascertained it by the exercise of due diligence. Thus, for reasons explained above, **Peterson** is not applicable here.

**(II) Standard application of the newly discovered facts exception**

Because the timeliness of the petition at issue here is not affected by **Peterson**, and given that the petition is facially untimely, Appellant must plead and prove the applicability of one of the exceptions to the one-year rule.

---

[6] Indeed, in **Peterson**, unlike here, "the PCRA court made factual findings that Peterson did not know about the untimely filing and could not have ascertained this fact through the exercise of due diligence." **Peterson**, 192 A.3d at 1130-31.

[7] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

- 11 -

As noted above, in the instant PCRA petition, Appellant alleges that Attorney Frick was ineffective for failing to file Appellant's second PCRA petition within the then-existing time limitation of Section 9545(b)(2), that counsel's ineffectiveness qualified as "newly-discovered fact" exception, and that he discovered counsel's ineffectiveness only as a result of our decision disposing of Appellant's fourth PCRA petition.

To the extent Appellant argues that the instant petition is timely under the "newly discovered fact" exception, Appellant would not be able to establish this exception because claims of discovery of counsel's ineffectiveness, which do not result in a total deprivation of collateral relief, do not qualify as "newly discovered facts." Our courts have expressly and repeatedly rejected attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition. *See*, *e.g.*, *Commonwealth v. Gamboa-Taylor*, 753 A.2d 785 (Pa. 2000) (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits).

Thus, given that the instant petition is facially untimely, and given that Appellant failed to prove the applicability of the "newly discovered facts" exception, we conclude we have no jurisdiction to entertain the instant petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/15/2022</u>